UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JAN 2 2 2025
U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BEVERLY ASHBAUGH,<br>               Defendant. | Criminal No. 3:25CR9<br><br>Violations: 18 U.S.C. § 1343 |

## INDICTMENT

The Grand Jury charges that:

INTRODUCTION

1. On March 27, 2020, the Coronavirus Aid, Relief and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Federal Pandemic Unemployment Compensation (FPUC) program and the Pandemic Emergency Unemployment Compensation (PEUC) program. The FPUC program provided enhanced unemployment benefits to individuals adversely effected by the COVID-19 Pandemic. The PEUC program provided individuals adversely effected by the COVID-19 Pandemic with an extended time period to be eligible to receive unemployment benefits.

2. On August 8, 2020, the President issued a Presidential Memorandum authorizing other needs assistance for major disasters declared by the President pursuant to Section 401 of the Stafford Act (42 U.S.C. 5170) for the COVID-19 pandemic. The Memorandum authorized the Lost Wages Assistance (LWA) benefit which provided enhanced unemployment benefits to individuals adversely effected by the COVID-19 Pandemic.

1

3. The FPUC, PEUC, and the LWA programs were administered by the State of West Virginia, but were funded by the federal government.

4. In the State of West Virginia, WorkForce West Virginia was the agency that administered the FPUC, PEUC, and LWA programs. The United States Department of Labor was responsible for overseeing the FPUC and PEUC programs while the Federal Emergency Management Agency oversaw the LWA program.

5. An applicant was only eligible to receive enhanced weekly unemployment benefits through the FPUC, PEUC and LWA if they were unemployed for reasons related to the COVID-19 pandemic. The applicant had to first make a claim through the website, and had to enter personal identification information and answer a series of questions that enabled WorkForce West Virginia to determine the applicant's eligibility and payment amount.

6. Each week, the applicant was instructed to report any work, i.e., any activity for which payment was received, including full-time, part-time, or temporary work. At the end of each certification, the applicant had to check to acknowledge "I certify under penalty of perjury that the statements made in connection with this claim are true to the best of my knowledge and belief" and "I understand that I am required to report any and all gross wages or income from any source every week that I claim unemployment benefits regardless of the amount."

7. From June 2020 through June 2021, defendant, **BEVERLY ASHBAUGH**, was employed by H.C. Salon Holdings, Inc. in Jefferson County, West Virginia.

## COUNT ONE THROUGH TEN

(Wire Fraud)

8. Paragraphs 1 through 7 are hereby realleged as if fully set forth herein.

9. Starting on or about June 21, 2020, defendant **BEVERLY ASHBAUGH**, devised a scheme and artifice to defraud and to obtain money from the United States through which the defendant

2

intended to obtain approximately $29,288.00 by means of false and fraudulent pretenses, representations, and promises.

10. It was a part of the scheme and artifice that **BEVERLY ASHBAUGH** submitted fraudulent weekly certifications to WorkForce West Virginia, falsely underrepresenting the number of hours that she was working, falsely underrepresenting the wages that she was earning, and stating that the reduction in her wages earned and hours worked was due to the COVID-19 pandemic.

11. As a result of these fraudulent statements, **BEVERLY ASHBAUGH** caused WorkForce West Virginia to authorize eighty-eight deposits directly to **BEVERLY ASHBAUGH's** personal bank account, on behalf of WorkForce West Virginia and the United States Department of Labor.

12. On or about the dates below, for the purpose of executing, and attempting to execute, the scheme to defraud, in Jefferson, West Virginia, in the Northern District of West Virginia, **BEVERLY ASHBAUGH** did knowingly cause to be transmitted by means of a wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | Date | Description |
| --- | --- | --- |
| 1 | June 28, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 2 | July 5, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 3 | July 19, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 4 | July 26, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 5 | August 16, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |

| 6 | August 23, 2020 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 7 | January 27, 2021 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 8 | January 29, 2021 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 9 | February 7, 2021 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |
| 10 | March 7, 2021 | An interstate wire transmission from Charleston, West Virginia to the Key Bank Server in Ohio authorizing payment for fraudulent unemployment claims. |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Wire Fraud

1.      Pursuant to Title 28, United States Code, Sections 2461(c), Title 18 United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), and 1961(1) and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate such offense, including a money judgment in the amount of at least $29,288.

2.      Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Foreperson

/s/_____
RANDOLPH J. BERNARD
Acting United States Attorney

Daniel L. Salem
Assistant U.S. Attorney

Morgan S. McKee
Assistant U.S. Attorney

5